**In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

**Walter Industries, Inc. and United States Pipe and Foundry Company, Inc., Plaintiffs,**

**v.**

**Solutia, Inc. and Pharmacia Corporation, Defendants.**

**Bankruptcy Nos. 8–89–BK–9715–ALP to 8–89–bk–9746–ALP, 8–90–bk–11997–ALP. Adversary No. 03–482.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 29, 2005.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtors.

Scott A. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Plaintiff.

Barbara A Hart, Ruden McClosky, Lynn V. Cravey, St. Petersburg, FL, for Defendant.

### ORDER ON DEFENDANT PHARMACIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT DIRECTED TO COMPLAINT FOR DECLARATORY JUDGMENT AS TO THE DISCHARGEABILITY OF CLAIMS AND FOR MONEY DAMAGES (Doc. No. 41)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 11 case is a Motion for Summary Judgment filed by Pharmacia Corporation (Pharmacia) and Solutia, Inc. (Solutia), (collectively the Defendants). It must be noted that this proceeding is stayed as to Solutia because Solutia itself filed for Chapter 11, leaving Pharmacia as the only Defendant. The Motion was filed in the above-captioned adversary proceeding which was commenced by the United States Pipe and Foundry Company, Inc., and Walter Industries, Inc., (collectively the Plaintiffs). The Plaintiffs in their four-count Complaint set forth the following claims. The claim in Count I is based on the allegation that Pharmacia failed to file a claim in the Chapter 11 case of the Plaintiffs prior to the prepetition bar date set by this Court and, therefore, Pharmacia's prepetition claims against the Plaintiffs are barred and have been discharged. Based on this proposition, the Plaintiffs contend that they are entitled to a Final Judgment in their favor determining that Pharmacia's prepetition claims have been discharged with the entry of the Confirmation Order on March 2, 1995.

The claim in Count II is based on the allegation that any claims of the Defendants, to the extent the Defendants' claims are based on damages for the illegal dis-

posal of spent foundry sand and foundry waste prior to the confirmation date, must be discharged as preconfirmation claims because no such claims were made prior to the bar date fixed by the Court for filing administrative claims. In Count III the Plaintiffs allege that the suits filed by the Defendants against the Plaintiffs in the State of Alabama violated the discharge provisions of the Confirmation Order entered by this Court in the Chapter 11 cases of the Plaintiffs. In Count IV the Plaintiffs contend that, based on the violation by the Defendants of the Plaintiffs' discharge, they are entitled to recover actual and punitive damages including but not limited to the bringing of this action and the costs of defending the suit filed against them in the State of Alabama.

The Defendants contend that they have valid claims for contribution and cost recovery under the Comprehensive Environmental Response Compensation and Liability Act of 1980 (CERCLA) from the Plaintiffs based on their role in the contamination of certain real property located in Alabama. The Defendants, in opposition to the claim asserted by the Plaintiffs, contend that even though the alleged contamination occurred years before the Plaintiffs filed for Chapter 11, the claims are valid because the claims arose after confirmation of the Plaintiffs' Chapter 11 plan. The Defendants seek: (1) Summary Judgment in their favor, (2) dismissal of the Plaintiffs' Complaint on the merits with prejudice, and (3) costs and attorneys' fees incurred in defending against the Bankruptcy Court Complaint. The facts leading up to this Motion as established by the record are not in dispute and are as follows:

On December 27, 1989, Hillsborough Holdings Corporation filed its Petition for Relief under Chapter 11 together with the Petitions of thirty-two (32) wholly owned subsidiaries, including the Plaintiffs. On August 14, 1992, this Court entered an order establishing October 30, 1992, as the deadline to file prepetition claims. On March 2, 1995, this Court confirmed the Plan of Reorganization filed by Hillsborough Holdings Corporation and its affiliates, including the Plaintiffs.

On August 31, 2000, Solutia received a notice of liability letter from the United States Environmental Protection Agency (EPA) which demanded that Solutia reimburse the EPA for costs it had incurred in testing and cleaning the area which was claimed to be polluted and contaminated. In a lawsuit filed by the EPA on March 25, 2002, the EPA alleged that Solutia and Pharmacia, along with other entities, were liable for contribution and cost recovery to the EPA for its cleanup of the Alabama property.

On June 5, 2003, the Defendants filed a Complaint in the United States District Court for the Northern District of Alabama Eastern Division (District Court Complaint) seeking cost recovery and contribution against the Plaintiffs. In their District Court Complaint, the Defendants alleged that, along with the other entities, Plaintiffs are responsible for the contamination of the Alabama Property with foundry waste and other hazardous substances. Later, on August 4, 2003, Pharmacia entered into a Partial Consent Decree (Consent Decree) which helped resolve the claims of the EPA against the Defendants and allowed the Defendants to seek relief against other co-tortfeasors.

On January 7, 2005, the Plaintiffs in this adversary proceeding filed a Motion for Partial Summary Judgment and Complaint for Declaratory Judgment as to the Dischargeability of Claims and for Money Damages (Debtor's Motion for Summary Judgment) (Doc. No. 31). On February 4,

2005, the Defendants filed their Motion for Summary Judgment (Doc. No. 41). In due course, this Court heard oral arguments on both Motions for Summary. On March 15, 2005, this Court denied the Debtors' Motion for Summary Judgment and took Pharmacia's Motion for Summary Judgment under advisement which is the Motion presently under consideration.

Before discussing the validity of the different legal theories advanced by the parties, it is important to point out at the outset what is and what is not involved in the present matter before this Court. The claim of the Defendants before this Court is not a claim for polluting and causing waste on the Alabama property owned by Pharmacia. In that instance, it would be obvious that the claim in question did arise prepetition, since it is clear and undisputed that all wasting and polluting conduct occurred prepetition and also postpetition but, without doubt, prior to the entry of the Confirmation Order. What is involved here is Pharmacia's claim asserted in the Alabama litigation in which Pharmacia seeks contribution and cost recovery under CERCLA from the Plaintiffs and not damages for the alleged pollution and waste inflicted on the property.

The question of when a claim arises under CERCLA for contribution was considered by the United States Supreme Court in the case of *Cooper Industries, Inc. v. Aviall Services, Inc.,* — U.S. —, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), in which the Court held that no right exists under CERCLA for contribution until the EPA has started an enforcement action. In the present instance, the EPA action did not occur until the year 2000 when Pharmacia and Solutia received a directive to clean up the site by EPA. This occurred five years after the entry of the Order of Confirmation on the Plan of Reorganization of Hillsborough Holdings Corporation

and its affiliates, including the Plaintiffs, when Pharmacia and Solutia received a directive to clean up the site by the EPA. Based on the foregoing, it would appear that under the decision of the Supreme Court in *Aviall,* the claim of Pharmacia arose postconfirmation. Thus, as a matter of law, Pharmacia is entitled to a Summary Judgment in its favor unless this Court is willing to accept the argument advanced by the Plaintiffs that, under the broad definition of a claim as defined by Section 101(5), the Defendants had a claim prepetition, albeit a contingent claim pending enforcement by the EPA. Therefore, the Confirmation Order discharged all claims including contingent claims and the suit filed in Alabama was in violation of the discharge injunction.

It is true that, without the commission of conduct which caused the pollution and waste, there would be no right to contribution. Thus, it might be contended that this component of the claim occurred prepetition and this contingent claim has been discharged. The difficulty with this proposition should be evident when one considers the true nature of the claim asserted in Alabama which is not the right to recover for damages caused by pollution and waste but is the right to sue under CERCLA for contribution. In sum, this Court is satisfied that the claims asserted in the Alabama litigation occurred and ripened five years after the entry of the Order of Confirmation and are, therefore, unaffected by the discharge injunction.

Accordingly, it is

ORDERED, ADJUDGED and DECREED that Defendant Pharmacia Corporation's Motion for Summary Judgment Directed to Complaint for Declaratory Judgment as to the Dischargeability of Claims and for Money Damages (Doc. No. 41) be, and the same is hereby, granted and a separate Final Judgment shall be

entered in favor of Defendants Solutia, Inc., and Pharmacia Corporation and against the Plaintiffs Walter Industries, Inc., and United States Pipe and Foundry Company, Inc., in accordance with the foregoing.

### *FINAL JUDGMENT*

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered an Order granting Summary Judgment in favor of the Defendants. Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Defendants Solutia, Inc., and Pharmacia Corporation and against Plaintiffs Walter Industries, Inc., and United States Pipe and Foundry Company, Inc. This Adversary Proceeding shall be dismissed with prejudice.